951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory Richard HOGAN, Plaintiff-Appellant,
v.
Harold KOON; John H. Will; Frank Minnie; Janice Benzler;
and Brady Cartwright Defendants-Appellees.
 No. 90-15687.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Jan. 8, 1992.
 
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gregory Richard Hogan, an inmate at the Nevada State Prison, brought suit against several correctional officers alleging that his civil rights were violated by the search of his jail cell. Judgment was entered for the defendants and Hogan appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * On the evening of June 3, 1987, John Will and Frank Minnie, correctional officers at the Nevada State Prison ("NSP"), conducted a search of Hogan's cell and removed three large plastic bags of items and property. At the time, Hogan was working as a law clerk at the NSP preparing lawsuits for fellow inmates subjected to cavity searches.
 
 
 4
 On September 8, 1987, Hogan filed a civil rights action against captain of security Harold Koon, Will, Minnie and two other officers, contending that his cell was searched in retaliation for having assisted in the cavity search lawsuits. Hogan alleged that the defendants violated his rights to access to the courts and to assist fellow prisoners in the preparation of lawsuits.
 
 
 5
 Trial on Hogan's claims began on January 9, 1990, and after a three day trial the jury returned a verdict in favor of the defendants. Hogan now appeals.
 
 II
 
 6
 Hogan first contends that the district court erred in dismissing his claims under 42 U.S.C. § 1985(2) and (3), and under 42 U.S.C. § 1983.
 
 
 7
 We have reviewed Hogan's complaint. Because Hogan was not a party, witness or juror in the cavity search lawsuits, Hogan's complaint fails to state a cause of action under the first clause of 42 U.S.C. § 1985(2).
 
 
 8
 Because Hogan's complaint does not allege that he is a member of a particular race or suspect class protected under the second clause of § 1985(2) and under § 1985(3) the district court did not err in dismissing these claims prior to trial. Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989). The district court likewise did not err in dismissing Hogan's conspiracy claim under 42 U.S.C. § 1983 which Hogan attempted to raise for the first time at trial.
 
 III
 
 9
 Defendants testified that one of Hogan's fellow prisoners informed them that Hogan possessed contraband in his cell. Hogan contends that the district court erred in admitting that testimony offered by the defendants to justify their search. Hogan also argues that the district court erred by allowing defendants to make reference to the evidence in summation.
 
 
 10
 In the absence of plain error, failure to object contemporaneously to the admission of evidence constitutes a waiver of the issue on appeal. Fed.R.Evid. 103(a), (d). The contemporaneous objection rule applies equally to remarks made by counsel during summation. Kaiser Steel Corp. v. Frank Coluccio Const. Co., 785 F.2d 656, 658 (9th Cir.1986). Because the testimony was relevant and probative, and because Hogan did not object to the testimony at trial or to defendant's summation, there is no plain error and Hogan's claims are waived. See Professional Seminar Consultants v. Sino Am. Tech., 727 F.2d 1470, 1472 (9th Cir.1984).
 
 IV
 
 11
 Hogan contends that the district court erred by failing to give his proposed instructions 24, 85 and 86 and in adopting defendants' proposed instructions 48 and 69.
 
 
 12
 Failure of the district court to submit a proper jury instruction is reviewed de novo. 999 v. C.I.T. Corp., 776 F.2d 866, 871 (9th Cir.1985). The district court's formulation of an instruction is reviewed for an abuse of discretion. Benigni v. City of Hemet, 879 F.2d 473, 479 (9th Cir.1988).
 
 
 13
 Hogan made no showing that the unavailability of certain witnesses was attributable to the defendants. Consequently, the district court did not err in refusing Hogan's instruction 24 which established an inference that the witnesses' testimony would have been favorable to Hogan. Moreover, because Hogan adduced no evidence of pain and suffering, or emotional and mental distress, the district court did not err in rejecting Hogan's instructions 85 and 86.
 
 
 14
 Neither did the district court err in giving defendants' instructions 48 and 69. Instruction 48 correctly stated that negligence does not support a claim for relief under § 1983. Davidson v. Cannon, 474 U.S. 344, 347 (1986). Instruction 69 correctly stated that random searches of a prisoner's cell do not violate the inmate's constitutional rights. Hudson v. Palmer, 468 U.S. 517, 525-29 (1984).
 
 
 15
 While Hogan also challenges instruction 59, his failure to object at trial waives review of that instruction on appeal.
 
 V
 
 16
 Hogan finally contends that the district court erred by granting a directed verdict in favor of correctional officers Janice Benzler, Frank Minnie and John Will, and by denying his motion for a new trial.
 
 
 17
 We have read the entire transcript and conclude that the evidence permitted only one reasonable conclusion on Hogan's claims against Benzler, Minnie and Will. See Matthews v. Hyster Co., Inc., 854 F.2d 1166, 1168 (9th Cir.1988). Benzler did not participate in the decision to search Hogan's cell, or in the search itself, and Minnie and Will had no reason to suspect that the apparently routine search, ordered by their superiors, might have been conducted for illegal purposes. We also conclude that, contrary to Hogan's contention, the record contains evidence in support of the verdict. Farley Transp. Co. v. Santa Fe Transp. Co., 786 F.2d 1342, 1347 (9th Cir.1985) (denial of a motion for a new trial is reversible only if the record contains no evidence in support of the verdict). Consequently, the district court did not err by directing a verdict in favor of the correctional officers and by denying Hogan's motion for a new trial.
 
 VI
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3